Dear Mr. Giardina:
Your request for an Attorney General opinion has been assigned to me for disposition. You enclosed with your request copies of four (4) letters dated February 4, March 15, June 13 and July 15, 1991 from James E. Lawson, Jr., a Jefferson Parish councilman to residents of his district. Specifically, you ask whether the letters may legally be distributed and paid for with public funds, "since this is an election year." I am assuming all letters were in fact paid for with public funds.
Article 11, § 4 of the Louisiana Constitution of 1974 states as follows:
§ 4. Prohibited Use of Public Funds
 Section 4. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
See also LA R.S. 18:1465,; cf. also LA R.S. 43:31(D). To paraphrase relevant portions, public funds may not be used to promote or defeat any candidate or proposition, though they may be used to disseminate factual information. Previous opinions have recognized that the distinction between what is prohibited under the above may not be clear. Relevant factors that may be considered to determine the propriety of a particular expenditure include an examination of the purpose for the expenditure of public funds, the intent of the public agency and the reasonable effect such expenditure would have upon electors. Atty. Gen. Op. Nos. 76-307, 79-1191, 89-418 and 90-126A.
An examination of the attached letters reveals that drainage projects are discussed. All projects discussed have been funded. No particular proposed drainage project is specifically urged. Neither is there any indication that a particular drainage proposition was being considered. While certain language in the letters may have the cumulative effect of promoting drainage projects, generally, the letters as a whole cannot be generally characterized as urging any elector to vote for any drainage proposition.
The letters should also be examined to determine whether any elector is being urged to vote for or against any candidate. Clearly, the author is "happy" to report the "good news" that drainage projects have been funded by the Council by a 6-0-1 vote, even though recent drainage propositions failed in an election. One letter notes that, "Lloyd Giardina is the only councilman who did not support all of the drainage improvements." While the one sentence quoted above does cause this office concern, again the letters as a whole cannot be generally characterized as urging any elector to vote for or against any candidate.
I trust this opinion responds to your inquiry. If I can be of any further assistance, please do not hesitate to contact me.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
JCH/vls-0788q